Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.

---

HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* F. CARRERA & BROTHER ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez from an Order Setting Aside a Default and from a Judgment in an Action for Damages.

No. 1289.—Decided May 28, 1915.

APPEAL—DISMISSAL OF APPEAL—SETTING ASIDE JUDGMENT AFTER APPEAL.—An appeal from a judgment which was afterwards set aside by the same court which rendered it on motion to reconsider made by the appellant on the ground that it lacked jurisdiction, can serve no practical purpose and should be dismissed.

OPENING DEFAULT—ABUSE OF DISCRETION.—An order opening a default will not be revoked unless a clear abuse of discretion is shown. In the present case it was held that the court did not proceed arbitrarily or capriciously, but was guided by the reasons placed before it by the defendant and which it deemed acceptable, and also that the defendant had a good defense.

ID.—EXCUSABLE NEGLIGENCE.—It is better practice to allow the parties to defend and decide the issues after a hearing, than to sustain judgments rendered by default when it is shown that negligence in complying with the law of procedure was excusable and not due to a desire to obstruct or delay the litigation.

ID.—MOTION TO STRIKE OUT—LEGAL CONCLUSION—OBJECTIONS.—When a motion to strike out the affidavit to a motion to open a default contains only a legal conclusion, as is an allegation that the affidavit lacked the legal requisites without showing in what respect, and no objection is made at the hearing on the motion to the substitution of an oral oath administered by the court for the affidavit, this cannot be pleaded as error on appeal.

ID.—OATHS—ATTORNEY.—When the facts relate to the attorney and are to be sworn to by him and not by the interested party, it is presumed that he knew such facts of his own knowledge, and although the form of the affidavit is not strictly in conformity with section 118 of the Code of Civil Procedure, it is not necessarily null and void.

EVIDENCE—OBJECTION—EXCEPTION.—Even when a party objects to the admission of certain evidence, its admission cannot be pleaded as error on appeal if no exception was taken.

The facts are stated in the opinion.
*Mr. Juan Quintero* for the appellant.

*Messrs. José Sabater* and *José G. Torres* for F. Carrera & Brother.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 17, 1914, Agustín Hernández Mena filed an amended complaint in the District Court of Mayagüez against F. Carrera & Brother and José Benet Colón praying for judgment against them *in solidum* for the sum of $3,667, as an indemnity for actual compensatory damages, together with interest from the date of the judgment, costs, expenses, disbursements and attorney's fees, which complaint was served on the same day by leaving a copy thereof with Attorney José Sabater, who represented F. Carrera & Brother, and another copy with the other defendant, José Benet.

Defendant Benet demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action against him, and as the other defendants, F. Carrera & Brother, had not answered on November 30, 1914, and the time fixed by law therefor had expired, the plaintiff requested the secretary of the court, in writing, to note the default of F. Carrera & Brother and enter judgment immediately for the sum of $3,667 specified in the prayer of the complaint, together with the costs. On the same day, November 30, the secretary noted the default of F. Carrera & Brother and on the following day, December 1, entered the judgment requested in favor of the plaintiff, Agustín Hernández Mena.

On November 30, 1914, Attorney José Sabater, representing F. Carrera & Brother, filed a demurrer to the complaint on the ground that the facts alleged therein did not constitute a cause of action, and also filed a motion sworn to by the said Sabater to set aside the default and allow him to answer. The motion was argued and by its decision of December 15, 1914, the court opened the default and admitted the answer of F. Carrera & Brother, setting aside also the default judgment entered by the secretary.

From the foregoing decision Agustín Hernández Mena appealed to this court on December 24, last.

The transcript of the record does not contain a copy of the demurrer filed by F. Carrera & Brother to the complaint, but does contain the ruling of the court thereon entered on February 4 sustaining the said demurrer and dismissing the action as to the said defendants, with costs, expenses, disbursements and attorney's fees against the plaintiff.

By motion of February 9, 1915, Hernández Mena prayed the court to reconsider its decision and on the 17th of the same month filed notice of appeal from the judgment.

The motion to reconsider was sustained by the court in the following decision:

"After hearing the motion and the arguments of the parties, the court reserved ruling thereon until this 20th day of February, 1915, and it now sustains the said motion and, consequently, orders and decrees that the judgment rendered in this case on February 4, 1915, sustaining the demurrer of defendants F. Carrera & Brother and dismissing the action in so far as it refers to the said defendants, be and the same is hereby set aside for the reason that as the plaintiff, Agustín Hernández Mena, on December 24, 1914, appealed from the order of this court of the 15th of the said month of December setting aside the default judgment and admitting the answer of defendants F. Carrera & Brother, the said appeal suspended all proceedings and therefore the court acted without jurisdiction in rendering the said judgment of February 4, 1915."

In his brief appellant Agustín Hernández Mena asks this court to revoke the order of the District Court of Mayagüez of December 15, 1914, setting aside the entries of default and judgment against F. Carrera & Brother, and also to reverse the judgment rendered by the said court on February 4, 1915, sustaining the demurrer as to lack of cause of action and ordering the dismissal of the action as regards F. Carrera & Brother, but as that judgment was set aside by the said court later, or on February 20, 1915, on the motion to reconsider made by Hernández Mena himself, the appeal taken

therefrom should be dismissed because it serves no practical purpose, therefore the only point to be considered and disposed of is the other appeal from the order of December 15, 1914.

As grounds for his appeal from the order of December 15, 1914, the appellant alleges the following: (1) That the district court erred in revoking the entry of default and setting aside the judgment entered by the secretary against F. Carrera & Brother, by abusing the discretional power granted it by section 140 of the Code of Civil Procedure; (2) that the court erred in not striking out the sworn statement made by Attorney Sabater in open court in support of his motion to set aside the default judgment; (3) that the court erred in admitting the testimony offered by Attorney Sabater in support of the motion to open the default because it was irrelevant, inadequate and improper according to section 34 of the Law of Evidence.

As to the first ground of appeal, it should be observed that the attorney for F. Carrera & Brother alleged in support of his motion to open the default: (1) That in expectation of the ruling of the court on the demurrer interposed by defendant Benet and on account of the great amount of work which he had before him he delayed his answer to the complaint but intended to prepare and file it during the week beginning Monday November 23, 1914; (2) that on said November 23 his clerk left him to take another position and since that time he had been obliged to do all the work himself and thereby a large amount of work had accumulated on his hands; (3) that, furthermore, a child of his, aged eight months, was ill with pneumonia during the whole of the said week, which naturally set him back in his work, and for all these reasons he forgot to file the answer at the proper time, and when he was arranging the papers in his office on November 30, that being the first day of the week, he found the memorandum showing that he had to answer the complaint

and as he was unable to file it that same day, he prepared a general demurrer instead in order to avoid being adjudged in default, but when he presented the demurrer to the secretary of the court the plaintiff had already filed the petition for entry of default and judgment against the defendant firm; (4) that in the opinion of the attorney making the motion the firm of F. Carrera & Brother has a good cause of action and it was not his intention to delay the progress of the case, as a proof of which he then presented his answer to the complaint.

Hernández Mena opposed the motion to open the default of F. Carrera & Brother, alleging under oath that neither the said defendant firm nor Sabater, its attorney, was absent or sick or prevented by any unforeseen cause from demurring to or answering the complaint, or from applying for an extension of time in which to do so within the period of ten days prescribed by law; that from November 17 to November 30 he had seen Sabater day and night in his office conversing with various persons, including the plaintiff himself, about matters which had nothing to do with his professional work and had seen him also on the street, in public places, in the café "La Palma" and in the Spanish Club of Mayagüez, during periods of time sufficient to have enabled him to prepare his demurrer and answer to the complaint or to have applied for an extension of time in which to do this within the legal period, and that as may be deduced from the said motion Attorney Sabater had taken upon himself an excessive amount of work and had disposed of other matters and cases in preference to the one at bar, therefore his negligence was inexcusable.

The Mayagüez court considered the reasons alleged by F. Carrera & Brother for the opening of the default as well as the objections made thereto by plaintiff Hernández Mena, and we do not find that it abused its discretion in making the order appealed from in the exercise of the power granted

it by section 140 of the Code of Civil Procedure. Said court did not proceed arbitrarily or capriciously but was guided by the reasons placed before it by the defendants and which it deemed acceptable. It also results from the affidavit of the attorney and from the answer itself that the defendant has a good defense in this case.

We shall never revoke orders opening defaults unless a clear abuse of discretion is shown, and this has not been done in the present case. *Salazar* v. *Estate of Kortright,* 14 P. R. R., 130.

"It is better practice to allow the parties to defend and decide the issues after a hearing than to sustain judgments rendered by default when it is shown that negligence in complying with the law of procedure was excusable and not due to a desire to obstruct or delay the litigation." *Rubio et al.* v. *Mayagüez Auto Garage, Inc.,* 20 P. R. R., 229.

Let us examine the second ground of appeal consisting of the refusal of the court to strike out the oath taken in open court by Attorney Sabater in support of the motion to open the default.

The affidavit to the motion to open the default reads "that Attorney José Sabater subscribed the same and stated under oath that all the facts stated therein were true and certain." After opposing the said motion on its merits, as stated, plaintiff Hernández Mena objected to its form also on the ground that the affidavit lacked the legal requisites and was therefore defective, null and void and moved the court to strike it from the record. At the hearing on the motion to open the default Hernández Mena again moved that the affidavit be stricken out and Attorney Sabater opposed the motion, stating that that was not the proper time to object to the affidavit and asking leave to amend the same there and then. The court granted such leave and administered an oath to Attorney Sabater in the following form: "Mr. Sabater, do you swear that you have read that motion and that it is true?"

to which Sabater replied, "I typed it personally in my office and I swear that all the facts which it contains are true."

As will be seen, Hernández Mena only stated a conclusion of law when he alleged that the affidavit lacked the legal requisites without showing in what respect, and at the hearing on the motion to open the default he did not object to the substitution of the oral oath administered by the judge to Sabater for the written affidavit or to such procedure, hence he cannot invoke now the alleged error in his defense.

In his brief Hernández Mena contends in support of his appeal that neither in the affidavit to the motion to open the default nor in the oath taken before the court did Sabater state that the facts were true of his own knowledge or that as to matters stated on information and belief he believed them to be true, for which reason both verifications lacked the legal requisites prescribed by section 118 of the Code of Civil Procedure and that, being defective, they are void. This objection comes too late, but even if we consider it, we are of the opinion that since the affidavit is of facts concerning Attorney Sabater alone, as is shown on its face, and not the interested party but he had to swear to them, it is evident that he knew the same to be true of his own knowledge, therefore there is no doubt that the form of the affidavit, although not strictly in conformity with section 118 of the Code of Civil Procedure, is sufficient to justify the conclusion that Sabater rendered himself liable for perjury should the allegations be proved untrue, and that, consequently, the verification of the motion to open the default cannot be considered null and void. *León et al.* v. *Colón et al.*, 21 P. R. R., 259.

But even if this were not the case, the court disregarded that verification in administering another oath to Sabater in open court, and as Hernández Mena did not oppose or object to that procedure, the result is that the facts set out in the motion were verified for all necessary purposes.

Nor can we sustain the third ground of appeal alleging error on the part of the lower court in admitting irrelevant testimony in support of the motion to open the default.

The said evidence consisted in the introduction of Notary Eugenio Geigel with his register of affidavits of 1914 to show the court an entry made by him in said register of an affidavit made by Agustín Hernández Mena to the effect that he had no interest in the money of which the amount sued for in the complaint was a part, and, furthermore, that the said Hernández Mena had received the sum of $500 in full payment for the services on which he based his action, such receipt being acknowledged by Hernández Mena as his own.

It is true that Hernández Mena objected to the admission of that evidence when it was offered by the attorney for F. Carrera & Brother prior to the hearing on the motion to open the default and he also objected to its admission at the hearing, but as it was admitted by the court and Hernández Mena did not note an exception, we cannot consider the error which may have been committed by the lower court either by violating the section cited by Hernández Mena or any other rule of evidence.

In any case, whether or not the second and third errors assigned exist, the only question to be decided in this case refers to the exercise of the sound discretion of the Mayagüez court in rendering its decision of December 15, 1914, setting aside the default of F. Carrera & Brother and the judgment entered by the secretary by virtue thereof.

As stated before, no abuse of discretion has been shown.

The said decision should be affirmed and the appeal taken from the other decision of February 4, 1915, ordering the dismissal of the action against defendants F. Carrera & Brother, should be dismissed.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.